UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CATHY J. PFEIL,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

CASE NO. C06-5546FDB-KLS

ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, fifty years old with a high school education and past work experience as an office assistant and as an "intuitive" (which Plaintiff clarified to mean "psychic"), and "intuitive arts" instructor seeks disability insurance benefits as of March 1, 2001 due to arthritis, diverticulitis, depression, fibromyalgia, and irritable bowel. The Magistrate Judge recommends that the Administrative Law Judge's decision finding that Plaintiff was not disabled be affirmed.

The Court, having reviewed plaintiff's complaint, the Report and Recommendation of Judge Karen L. Strombom, United States Magistrate Judge, and objections to the report and recommendation, and the remaining record, concludes that the Report and Recommendation will be adopted.

Plaintiff first objects to the Magistrate Judge's conclusion that "the severity determination is made solely on the basis of the objective medical evidence in the record.." Plaintiff argues that SSR 96-2p provides (emphasis added):

If the adjudicator finds that such symptoms cause a limitation or restriction having more

> than a minimal effect on an individual's ability to do basic work activities, the adjudicator must find that the impairment(s) is severe and proceed to the next step in the process even if the objective medical evidence would not in itself establish that the impairment(s) is severe.

Plaintiff argues that SSR 96-2p clarifies SSR 85-28, upon which the Magistrate Judge relied and which states as follows:

> A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and an informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities; thus, an assessment of function is inherent in the medical evaluation process itself. At the second step of sequential evaluation, then, medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities. If this assessment shows the individual to have the physical and mental ability(ies) necessary to perform such activities, no evaluation of past work (or of age, education, work experience) is needed. Rather, it is reasonable to conclude, based on the minimal impact of the impairment(s), that the individual is capable of engaging in SGA.

The ALJ concluded that Plaintiff did not have a severe impairment prior to her date last insured because:

> The medical evidence shows that the claimant's abdominal complaints prior to March 31, 2001 were sporadic diverticulitis symptoms (Exhibit 3F). They became more severe in June 2001 (Exhibit 10F, p. 3). Similarly, her complaints of back and shoulder pain, as well as mental problems are first mentioned in June 2001 (Exhibits 6, p. 7 and 7F, p. 6). Thus, based on the medical record, the claimant's impairments are nonsevere prior to March 31, 2001, the date she last met the insured status requirements.

It is Plaintiff's burden to show that any of the medical conditions that she may have been diagnosed with or about which she complains establishes a severe impairment. Even considering other medical complaints to be present during the relevant period, there is insufficient evidence of any kind – objective medical or other evidence pointed to by Plaintiff – to tend to show that either one or combination of ailments constituted a severe impairment. As the Magistrate Judge explained, simply showing that there is an impairment is insufficient. Plaintiff has the burden of proving that her "impairments or their symptoms affect her ability to perform basic work activities." Edlund v. Massanari, 253 F.3d 1152, 1159-60 (9th Cir. 2001). The Administrative Law Judge correctly concluded that Plaintiff did not have a severe impairment. Plaintiff's assertion that remand is required for failure of the ALJ to consider the back, shoulder, and mental problems lacks merit, as there was no evidence in the record on which the ALJ could have based a finding of severe impairment as to these conditions.

NOW, THEREFORE, IT IS ORDERED:

(1) The Court adopts the Report and Recommendation;

(2) The administrative decision is AFFIRMED; and

(3) The Clerk is directed to send copies of this Order to plaintiff' counsel, defendant's counsel and Magistrate Judge Karen L. Strombom.

DATED this 7th day of June 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE